### Western Union Telegraph Company v. Ed A. Seffel.

Decided January 7, 1903.

**1.—Telegraph Company—Mental Anguish.**

Evidence held to warrant a verdict for $1000 against a telegraph company for negligence in failing to promptly forward a message calling a mother to the bedside of a sick child that died before her delayed arrival.

**2.—Same—Negligence—Estoppel—Falsehood by Agent.**

Where a telegraph company received a message in time to have forwarded it before closing hours that evening, an agreement by the sender that it should be sent next morning, induced by the false statement of the agent that it could not be sent that evening as the office at the point of destination was already closed, would not estop the sender from recovering damages for the failure to forward it before the next morning.

Appeal from the District Court of Bexar. Tried below before Hon. S. J. Brooks.

*Norman G. Kittrell* and *Webb & Finley,* for appellant.

*Thomas O. Murphy* and *T. M. Watlington,* for appellee.

NEILL, Associate Justice.—This is the third appeal in the case, the two former being from judgments in favor of the telegraph company. A statement of the plaintiff's pleadings is set out in the opinion of the court, on a prior appeal, reported in 65 S. W. Rep., 897, and need not be reiterated.

The judgment now appealed from is for $1000 in favor of plaintiff.

*Conclusions of Fact.*—"San Antonio, Texas, 8-22, 1899.—To Mr. Emil E. Dietert, Kerrville: Send Mamma down by next train. Sophia sick. Ed A. Seffel," is the message which it is charged that appellant negligently failed to promptly deliver, and upon such negligence the action for damages is based. Dietert, to whom it is addressed, is the son-in-law of the appellee; the word "mamma" in the message means appellee's wife, Susanna; and "Sophia" was their daughter, who was sick in San Antonio. The message was delivered to appellant for the purpose of having appellee's wife, who was in Kerrville, attend the bedside of her sick daughter. The meaning and purpose of the telegram was made known to appellant's agent when he received it for transmission. It was not transmitted until the next day after its date, nor delivered to Dietert until about 10 o'clock that morning. Sophia died about 10 o'clock on the 24th of August. There was only one daily train from Kerrville to San Antonio, which left the former city at 7 o'clock a. m. In consequence of the telegram not being delivered until 10 o'clock on the morning of the 23d, appellee's wife could not start from Kerrville until 7 o'clock on the morning of the next day, and did not reach San Antonio until after her daughter's death. On account of her inability to reach Sophia before her death, she suffered great mental anguish.

Had the telegram been delivered to Dietert on the evening of the 22d of August, or next morning in time for Mrs. Seffel to have taken the train for San Antonio, she would have been with her daughter before she died.

These facts are shown by the uncontradicted evidence, and are practically undisputed by the appellant. The only issuable facts are (1) whether the message was received by appellant's agent at San Antonio in time for transmission and delivery before its office was closed, or before the lapse of the usual time for closing it, in Kerrville, which was 7 o'clock p. m.; and (2) if it were not received within that time, whether appellant's agent when he took the telegram, promised to transmit and deliver it next morning in time for Mrs. Seffel to take the 7 o'clock train for San Antonio. We have concluded from a careful consideration of the testimony that it is reasonably sufficient to support an affirmative finding of the jury on either or both of these issues. We conclude, therefore, that the appellant was guilty of negligence in not transmitting and delivering the message with reasonable dispatch, and that such negligence was the proximate cause of the mental anguish and suffering of appellee's wife, by which he has sustained damages in the amount assessed by the jury.

*Conclusions of Law.*—The appellant insists, as it did on a prior appeal, that appellee's evidence shows that the message was received under a special contract to send it next morning, and excludes any issue as to its duty in sending it the evening it was handed to appellant's agent for transmission. The evidence as to the facts and circumstances attending appellant's receipt of the message was substantially the same upon the trial which culminated in the judgment before us as it was on the one resulting in the judgment reviewed by us on a former appeal. Seffel v. W. U. Tel. Co., 65 S. W. Rep., 897. We then held, after reciting such evidence, upon assignments raising the same point now insisted upon, "if it was received in time to have enabled defendant to get it to Kerrville before 7 o'clock that evening by exercising reasonable diligence defendant would not be allowed to say that plaintiff waived this, or was estopped by agreeing that it might be sent next morning, if such agreement was evidenced by the clerk's statement that it was impossible to send the message that evening, on account of the office at Kerrville being closed, when such was not the fact. Under these circumstances, notwithstanding what was said about sending it next morning, defendant would have been obliged to send it that evening, if it reasonably could have done so." In view of this holding the trial court, upon the very facts and circumstances upon which it was predicated, submitted in its charge the two issuable facts recited in the foregoing conclusions, and authorized a verdict for plaintiff upon the finding of either by the jury in the affirmative. We see no reason for changing our ruling on this question, but still think it the law applicable to the facts and circumstances attending the transaction. Therefore, in our judgment, the court

did not err in submitting by its charge both issues, and authorizing a verdict for appellee upon an affirmative finding of either.

When the charge of the court is read, considered and construed as a whole, it will be found to be an accurate, clear and concise enunciation of the law applicable to every phase of the case made by the pleadings and evidence, and not obnoxious to the objections urged against it in any of appellant's assignments of error.

We have carefully examined and considered every one of appellant's assignments of error, and have concluded that none is well taken. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.